Our fifth and final argument of the morning comes in Appeal No. 24-3133, the United States v. Thomas Hawkins. Mr. Drysdale, nice to see you. Nice to see you as well, Your Honor. You may please record. My name is Tom Drysdale, and I'm here today on behalf of Thomas Hawkins. The District Court gave Mr. Hawkins three consecutive three-year statutory maximum revocation sentences after just handing down an 11-year sentence for the exact same conduct. The questions before this Court are whether that sentence, the revocation sentence, violates Asteris v. United States, fails to account for unwarranted sentence disparities, and is substantively unreasonable. So to briefly frame it, in Asteris, the United States Supreme Court said that the District Court may not consider 18 U.S.C. 3553a2a as it relates to the original offense when revoking supervision. Now, I think it's important for the purposes of this case that many courts, including this one, had previously held that it could be at least part of the analysis, as long as it was not the driving force behind the sentence. And the reason that that is so important, and the reason why I think this case, among many others, is truly an Asteris error, is because of a quote that the District Court makes. And the government highlights this quote, but it truly shows that the District Court was indeed relying on the old case law from this Court that said it could be a part of the analysis. The District Court says at the revocation sentence that the 3553a factors that could be considered at a revocation are, quote, a subset of those under 3553a that can be considered in an original sentencing. And then the Court goes on to say, quote, although there is case law that says I can still consider some of those, the remaining factors. I mean, it's crystal clear right there that the District Court is saying this Court's case law says I can fill in the blanks, which is exactly what Asteris says is impermissible, reversible error. But what is your strongest argument that the Court did look to the original 2007 offense? Your Honor, I think it's that quote, and then I think after that quote, we come with the cites, as we put in our reply in both of our briefs, to that case law from this Court, which is Yankee and Rodriguez-Sanchez, which are pre-Asteris cases. Then the Court goes on to cite Application Note 4 to 7B1.4 of the Guidelines, which has been removed from the Guidelines but talked about how the Court may consider leniency in the original sentencing. Why can't the Court still consider leniency in the original sentence? Wouldn't that go directly to deterrence, which is a factor that is appropriate to consider? Your Honor, I think that one of the reasons the Court can't consider leniency in the sentence is that was one of the — Can or can't? I'm sorry, I didn't — I'm sorry, cannot. Okay. That was one of the problematic quotes in Asteris itself. Asteris, when it was citing the district court's problematic quotes, expressly says, I believe what the quote from Asteris is, that the original sentence had been, quote, rather lenient. That was one of the problematic statements in Asteris. But if it's lenient and you are punishing more because of that, that would fall within Asteris. Correct. But wouldn't leniency also go to deterrence, which is an appropriate factor? Right. In other words, when you were originally sentenced, I gave you a break. And you couldn't comply with it, so — And so I think the answer to your question, Your Honor, is I do think that there's cases where a stray reference to something like leniency could go to something like deterrence. And I think that that's Asteris' quote about stray references to things that may overlap with the — I'll call it the impermissible factor. But when you get into a case like this, when you have the district court expressly saying there's case law out there that says I can consider 3553A2A, then you cite that case law extensively, and then you come up with direct quotes to A2A talking about Mr. Hawkins catching a break in relation to the original robberies, saying that he got a break previously, saying the fact that he had been given breaks in the past. When you combine all of those statements, this whole record, this isn't that type of stray reference to an impermissible factor that the Supreme Court said may be OK or may possibly go to another factor. Can I run a different line of thinking by you? Certainly. On this. What has given me some pause about this is I think both sides would agree — you can tell me — that when imposing the new sentence on the new indictment, the new charges, in other words, when — not the revocation sentence. You with me so far? Yes. OK. That the retribution factors were considered. Certainly. I would agree with that. OK. The difficulty or the challenge that I have had with this is one of the things the district court does in sentencing on the revocation sentence is wholesale incorporate all of the reasoning that drove the new sentencing. I mean, literally, that's what happens. Quite literally, yes, Your Honor. OK. And if that's an accurate reading of the transcript, and I think it is because I'm basically reading right directly from it, then what the district court did was wholesale incorporate at least to some degree a consideration of retribution factors. That's absolutely correct, and I don't think there's any other way to read the transcript. OK. The only — so the only other way to do it is to then — that I see it — is to read it more — read it in a broader context, read it more holistically. One of your colleagues once said to me, the moment you say things like that, Judge, I get nervous. OK? But the fact of the matter here is this district judge, there is no question that the conduct that led to the violations of the supervised release and the revocation sentence very much troubled the district court. And the district court ended the revocation sentence by saying, I need to make sure to protect the public. All you're doing is you're out there committing violent robberies, one violent robbery after another. That's a problem. So why doesn't that suggest, when you look at the — when you look at the transcript more specifically, that it does not look like the retribution factors drove the revocation sentence? Well, I just want to be clear, Judge, the analysis is not whether it drove the revocation sentence. It's whether it was considered whatsoever. If any consideration of the retributive factors whatsoever after Esteros is reversible error. But I don't think we quarrel with the idea that the district court also considered public protection and deterrence. That's the old case law. It kind of seems what the government suggests here is, oh, the district court considered other things. I don't disagree. It did consider other things. The problem is it also very clearly from the record considered A2A and then said the case law says I can do that. After Esteros, that is unquestionably an error. And I think what we need to remember is Esteros is a decision of the United States Supreme Court. It means something. It has to mean something. And it means that when the district court considers that factor as part of its sentence, then the district court has committed an error. And the transcript, as Judge Scudder pointed out, is very clear that that is incorporated. And, again, I agree that the district court also considered something else. It certainly did. But the fact that it considered A2A is reversible error. Ms. DeParle, I think you would agree that after our recent decision in Bradford that the court can consider retribution as to the 2021 conduct. I think I would have some quarrel with that, considering that Bradford made it very clear that an Esteros challenge was not being raised. And I think all the court said in Bradford was Esteros didn't reach this issue. And Mr. Bradford is — Well, I think the court went beyond that and said you specifically said you can consider it. And to the extent that Bradford holds that, then I, you know, suppose that, you know, the argument that we made that you can't consider the revocation conduct would then be foreclosed by Bradford. But the real crux of our argument here, I don't necessarily think we even need to go down that road because of the reliance on A2A and the original conduct that is pretty replete in the record here. So I know the government filed the 28J on Bradford, but I just — I don't think that that is really the meat and potatoes of this case anyways. Can I just follow up on that? Yes. So is that — is that to say, Mr. Drysdale, that there's no legal error in your view in the district court in a situation like this emphasizing the seriousness of the conduct that led to the violation of supervised release? Again, Your Honor, I still think, in my opinion, the question is open by Esteros. I think that Bradford is a non-precedential disposition. I think that we land in a situation where it has not been squarely decided. We still believe that the plain reading of that statute simply says you cannot — to say that statute, Section 3583E, to say you cannot consider A2A. We believe that that means wholesale across the board, as Justice Sotomayor held in her concurrence in Esteros. I see I'm well into my rebuttal time. We'll give you some rebuttal time. Don't worry about it. Thank you. Okay. Let's hear from the government. Mr. Kim, nice to see you. May it please the courts, the district court did not consider the retributive factors of Section 3553A2A. It made several statements indicating it did not consider those factors. For example, it said a couple of times that it was considering a subset of factors under Section 3553A. The district court also expressly listed each of the factors under Section 3583E and correctly omitted the retributive factors. Finally, the district court also used a Venn diagram analogy indicating there was overlap between the Section 3553A factors and the 3583E factors. But critically, there were some that did not overlap, namely the retributive factors. What's the government's position post-Esteros as to whether or not the district court can consider leniency as to the original sentence when imposing a revocation sentence? The district court may consider leniency in a prior sentence so long as it's considered in connection with one of the permissive sentencing purposes under Esteros. What about the fact that the sentencing guidelines have changed that guidance? Your Honor, the sentencing guidelines have changed. I believe the application note regarding that was removed. I believe the sentencing guidelines or the Sentencing Commission did that along with other policy statements to emphasize that the district court has discretion when sentencing a defendant. It didn't prohibit a district court from considering leniency. So even post-Esteros, post these changes under the sentencing guidelines, a district court can consider a prior leniency so long as it's connected to a permissive sentencing purpose. And it was permissible for this court to incorporate its reasoning from the sentencing hearing or the offense conduct into its reasoning for its revocation hearing, which it did in context with the statements that I just mentioned, indicating that it did not consider the retributive. Can you pause on that for a second? When the district court sentenced Mr. Hawkins on what were the so-called new crimes, the crimes in the 2021 indictment, are you with me? Yes. Did the district court consider the Cap A factors? 3553A2, capital A. It did consider the retributive factors for the offense conduct for the sentencing case. So go back to the question I was asking Mr. Drysdale. If the district court in sentencing him on the new crimes considered the retribution factors and then when it comes to the revocation sentence for the supervised release violations, literally incorporated all prior reasoning, didn't the district court necessarily incorporate reasoning considering the retribution factors? No, Your Honor. So as— That's to say no, though, is to say the district court didn't mean what it said. Respectfully, Your Honor, the district court incorporated its previous reasoning, but in It said specifically that it was going to consider a subset of factors under Section 3553A when we went to the revocation portion of the hearing. It also said that there are certain factors that I need to consider under Section 3583E. He listed all of those factors and he correctly omitted the retributive factors. On top of that, the district court also used the Venn diagram analogy, indicating that he did not consider the retributive factors. So the district court recognized that many of the factors overlap, and perhaps that was the reason why he incorporated the reasoning from the original sentencing hearing. But read in context with those other statements, he omitted the retributive factors when he moved on to the revocation portion of the hearing. Moreover, under this court's precedent in Dawson and Bradford, a district court may consider the seriousness of a violation under this breach of trust theory. A more serious violation reflects a more serious breach of trust. Thus, it was permissible for the district court to consider the offense conduct in the sentencing hearing and then incorporate that into its reasoning for the revocation hearing, especially where the revocation conduct and the offense conduct are the same. The district court also cited the cases that predate Asteris, and these stand for the proposition that if a defendant received a prior lenient sentence, it may consider imposing an upward variance. And despite defendant's claim, Asteris never prohibited a district court from considering a prior lenient sentence. Asteris only holds that a district court cannot consider the retributive factors when revoking supervised release. And as Asteris itself teaches us, the district court may consider a factor in connection with some sentencing purposes, but not others. And that's what happened in this case. The district court emphasized protection of the public from further crimes of the defendant. That rationale is the defendant received a lenient sentence in the past. The public was not adequately protected because after that lenient sentence, he went on to commit more crimes, violent armed robberies, a home invasion, and a felony murder. Thus, a longer sentence, or in this case, a statutory maximum revocation sentence, was needed to adequately protect the public. A permissive sentencing purpose under Asteris. Mr. Kim, can you please clarify what the government's position is on the standard of review? Your brief notes the potential tension between Asteris' language about plain error review and the case law that de novo review applies if the error is something that occurs by failing to object when the court is issuing its ruling. So you've noted the tension, but I didn't see you taking a strong position one way or the other. The government's position is that Asteris held that the plain error review standard would apply for a claimed error where the district court considered an impermissible factor. At the same time, the government recognizes that the Seventh Circuit has addressed this issue after Asteris and has held that Asteris was discussing Rule 52B while under this court's precedent, Rule 51A would apply, and so de novo review would apply, and we are bound by this court's precedent. Thank you. Mr. Kim, don't you think Mr. Drysdale at the very least has made a pretty good argument that the transcript is ambiguous as to whether the retribution factors were relied upon in the revocation sentence? Your Honor, I disagree that it's ambiguous. The district court made several explicit references that it was not considering the retributive factors. I mentioned those statements before. The district court simply didn't consider retribution. You're reading that to be a lot more clear than I am. You are definitely right that the district court recognized that some of the 3553A factors can't be considered. There's no question about that. You're right that there's a reference to a Venn diagram, but there's also, there's no question, I'm reading right from the thing, that the district court incorporated all of its prior reasoning. Your Honor, the district court incorporated its prior reasoning. Why is it at least ambiguous as to what happened here? Because, Your Honor, the district court made very explicit references that it was not considering the retributive factors. Where are these very explicit references at? Where do you see that? The district court's references to subset of factors. It said that it would only consider a subset of the section 3553A factors. It also said that... Is that consideration consistent with incorporating all prior reasoning? Your Honor, I'd say the statements are read in context with the district court statement that it was incorporating the prior reasoning. And so read together, the transcript as a whole, when the district court moved on into the revocation portion, it said it would incorporate its prior reasoning, but it also said that it was only considering a subset of the section 3553A factors. And so when it transitioned into the revocation portion, it sentenced the defendant to the revocation maximum sentence, considering only the retributive factors. And if this court even finds that the district court did, in fact, consider the retributive factors, it only considered them with respect to the conduct in 2020, but not the underlying offense conduct in 2007. The violation conduct here includes two armed robberies at a mobile gas station and a red roof inn in 2020. The district court discussed those facts at length. The underlying offense conduct, however, included armed robberies back in 2007. The district court never discussed the facts of those robberies when revoking supervised release. If there are no other questions, I ask that this court affirm the district court's revocation sentence. Thank you. Thank you, Mr. Kim. Mr. Drysdale, we'll give you a couple minutes on rebuttal. Thank you, Your Honor. I'm going to go back to the subset quote, because that's clearly where the government is going to hang its hat on this appeal. What I didn't see in their response brief and what I still haven't heard them do today is the whole quote from the district court when it comes to the subset factor. It's on page 68 of the transcript, and I'm just going to read it. The factors that I need to consider for supervised release violation are a subset of the factors under 3553A. Although there is case law that says I can still consider some of those the remaining factors. When you read that sentence and then take into account what Judge Scudder has said is the wholesale incorporation of the 3553A analysis from the new case, I don't know how we read that any other way than the district court saying there is case law that says I can consider 3553A2A, and I'm bringing that whole analysis that I just did over into the revocation hearing. There's just no support for the idea that the district court didn't do exactly what it said. The government also talks about how there's nothing in the record or the record reflects that it was only taken into consideration on the revocation conduct. I'll just cite some of the quotes from the district court. The court discounts all Mr. Hawkins's cooperation because he, quote, got a lower sentence the first time. That's certainly on the original offense. He talks about the Hobbs Act robberies on page 56 of the transcripts and says what he did before, the same thing. There's discussion of the application note, multiple references to the previous break, and, of course, the court mentions the seriousness of the offense in its analysis. Estaris itself says that in the revocation context, offense means original offense of conviction. So there's just no support in the record for the idea that the district court only considered the large A on the revocation conduct and not the original offense. We would ask the court to reverse and remand for a new sentencing. Thank you. Okay, very well. Mr. Drysdale, thanks to you. Mr. Kim, again, thanks to you and your colleague. We appreciate it very much. We'll take the appeal under advisement.